UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| C. MINOT DOLE, : | |
|       Plaintiff, : | |
|       v. : | Case No. 1:12-cv-24-jgm |
| JACOB CARROLL : and WILLIAM ADAMS, : | |
|       Defendants. : | |

ORDER
(Docs. 26, 27)

Plaintiff C. Minot Dole moves under Federal Rule of Civil Procedure 36(a) for an order to deem admitted requests for admissions served on Defendant William Adams. (Doc. 26.) Pro se Defendant Adams filed an affidavit in response to the motion and attached purported responses to the requests for admissions. (Doc. 31, Doc. 31-1.) The Court construes the affidavit as an opposition.[1] For the reasons stated below, Plaintiff's motion is denied.

To begin, Plaintiff did not comply with Local Rule 7(a)(7) in filing his motion. The rule requires a movant filing a non-dispositive motion to file a certification stating the party made a good faith attempt to obtain the opposing party's agreement to the requested relief. D. Vt. L.R. 7(a)(7).[2] The exception involving incarcerated pro se litigants does not apply in this case as Defendant Dole is not incarcerated. Plaintiff's counsel's affidavit filed with the motion does not reference any

---

[1] The Court reminds Defendant Dole of his obligation to file a certificate of service with his filings, Fed. R. Civ. P. 5, and to promptly notify the Court of any change of address or telephone number, D. Vt. L.R. 11(c). Pro se status does not excuse non-compliance with procedural rules. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

[2] The Court notes Local Rule 26(d)(2) also requires a motion relating to discovery procedure include an affidavit detailing the required conference. See D. Vt. L.R. 26(a)(2).

attempt to confer with Defendant Adams.  See Doc. 26-1.  The local rule governing motions related to discovery procedure requires supporting memoranda to comply with Local Rule 7 and to include a specific listing of each discovery item sought.  D. Vt. L.R. 26(d)(3).  Plaintiff's motion and supporting memorandum did not do so, nor did Plaintiff include a copy of his requests for admissions as an attachment.  See Doc. 26.  The requests were included as an attachment to Plaintiff's reply memorandum.  (Doc. 32, Doc. 32-2.)

Secondly, Plaintiff waited approximately 18 months to file the motion.  He served the requests in May 2012 (Doc. 10) but did not file the current motion to deem admitted until September 2013 (Doc. 26).

Lastly, even if the Court were inclined to grant the motion notwithstanding the noncompliance with local rules and tardiness, the requests for admission themselves are in insufficient form.  Federal Rule of Civil Procedure 36(a)(2) requires each matter be separately stated.  Fed. R. Civ. P. 36(a)(2).  The rule allows for requests to admit the genuineness of a document, if accompanied by a copy of the document.  Plaintiff's counsel averred he served the requests for admissions (RFAs) with thirteen exhibits (Doc. 32-2 ¶ 2), which the Court assumes corresponded with the thirteen exhibits referenced in the RFAs.  Plaintiff's RFAs included 19 numbered requests.  (Doc. 32-2.)  The requests, however, included multiple matters.  For example, the first request stated: "Exhibit 1 attached is a true and complete copy of the Master Lease Agreement ("MLA") between 23 Parkway, LLC[] ("PARKWAY") and DIS Partners, LLC. ("DIS PARTNERS").  The MLA was signed by Charles Minot Dole ("DOLE") on behalf of 23 PARKWAY on June 17, 2009 and by Jacob Carroll on behalf of DIS PARTNERS on June 11, 2009."  (Doc. 32-2 ¶ 1.)  This request asks Defendant to admit:  (1) the genuineness of an exhibit; (2) that Plaintiff signed the MLA on behalf of 23 Parkway on a specific date; and (3) that Jacob Carroll signed the MLA on

behalf of DIS Partners on a specific date.  Plaintiff's 19 RFAs almost all fail to comply with Federal Rule 36(a)(2).

Accordingly, for the above reasons, Plaintiff's motion to deem admitted each request to admit served on Defendant Adams (Doc. 26) is denied.

Also pending before the Court is Plaintiff's Motion for Dismissal of Defendant Jacob Carroll.  (Doc. 27.)  Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings and other papers upon a party.  It requires that a written motion, except one that may be heard ex parte, be served on every party, together with a certificate of service.  Fed. R. Civ. P. 5(a)(1)(D), (d)(1).  Counsel has certified service of "Rule 41 Motion for Order of Dismissal of Jacob Carroll" only upon "Defendants Adams" on August 31, 2013.  (Doc. 28.)  Counsel shall file, <u>no later than November 27, 2013</u>, a proper certificate showing service of the Motion for Dismissal upon Jacob Carroll.  Failure to do so will result in denial of the motion without prejudice.

Under the discovery order in this case, motions were due by November 15, 2013.  (Doc. 24.)  If either party wishes a short extension of the dispositive motion deadline, they may move the Court <u>no later than December 6, 2013</u>.  Plaintiff Dole is ordered to confer with Defendant Adams regarding the proposed early neutral evaluation (ENE) dates (Doc. 30) and to inform the Court of the date of the ENE <u>no later than December 13, 2013</u>.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of November, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

3