UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| C. MINOT DOLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:12-cv-24-jgm |
| | : | |
| WILLIAM ADAMS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

RULING ON MOTION TO TRANSFER VENUE
(Doc. 59)

I.   Introduction

Plaintiff C. Minot Dole commenced this diversity action in February 2012.  He alleges Defendant William Adams has committed fraud under common law and the Vermont Consumer Fraud Act, 9 Vt. Stat. Ann. §§ 2451-2480g, causing Plaintiff damages exceeding $4,000,000.  See generally Doc. 2 (Am. Compl.).  Defendant moves to change venue to the United States District Court for the Southern District of California.  (Doc. 59).  Plaintiff opposes the transfer.  (Doc. 63.)  For the reasons stated below, Defendant's motion is denied.

28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Venue is proper in a diversity case in any district where a substantial part of the events giving rise to the claim occurred, a substantial part of the property that is the subject of the action is situated, or where a defendant corporation is subject to personal jurisdiction.  28 U.S.C. §§ 1391(a)(2), (c).

Defendant does not dispute that venue is proper in this district, and therefore bears the burden of showing why transfer is appropriate.  See Country Home Prods., Inc. v. Schiller-Pfeiffer,

Inc., 350 F. Supp. 2d 561, 569 (D. Vt. 2004) (citing Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950)). Defendant must present clear and convincing evidence that the balance of convenience favors transfer to the Southern District of California. See Anichini v. Campbell, 2005 WL 2464191 *6 (D. Vt. 2005) (citing Tom and Sally's Handmade Chocolates, Inc. v. Gasworks, Inc., 977 F. Supp. 297, 302 (D. Vt. 1997) and Factors, Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990)). "Absent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored." See Tom and Sally's Handmade Chocolates, 977 F. Supp. at 302. A mere shifting of inconveniences is not grounds for transfer. Finkielstain v. Seidel, 692 F. Supp. 1497, 1509-10 (S.D.N.Y. 1988), aff'd in part, rev'd in part, 857 F.2d 893 (2d Cir. 1988).

Defendant asserts Plaintiff could have brought this case in the Southern District of California because he resides in San Diego, California, and the alleged fraudulent statements were made during a meeting in San Diego. (Doc. 59 at 3-4.) He argues the convenience of the parties and witnesses would be "promoted" by a transfer because all his witnesses are located in San Diego and he cannot compel them to attend trial in Vermont. Id. at 5.

When considering a motion to transfer, the Court must consider a variety of factors, including: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) desirability of having the case tried by a forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) how best to serve the interest of justice, based on assessment of the totality of

material circumstances." Country Homes Prods., Inc., 350 F. Supp. 2d at 570 (internal quotation marks and citation omitted).

Based on an evaluation of these factors, the Court concludes Defendant has not met his considerable burden of demonstrating the propriety of transferring this matter.  Although it is true the employees and documents of DIS Partners, LLC, and the one in-person meeting between the parties occurred in California, Plaintiff and his business advisors are in the Northeast.  Significant communication also occurred electronically.  Plaintiff's choice of forum is deserving of some deference and the complaint raises Vermont statutory and state common law claims that this Court is likely to be more familiar with than a court in the Southern District of California.  Here, a transfer would simply shift the inconvenience from one party to the other.  Accordingly, the Court declines to exercise its discretion to transfer a three-year old case with a current trial ready date of March 15, 2015.

Defendant William Adams' motion to transfer venue (Doc. 59) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of February, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge