UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| C. MINOT DOLE, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-cv-24-jgm |
| WILLIAM ADAMS, | : |
| Defendant. | : |

RULING ON MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT
(Doc. 70)

I.  Introduction

Defendant William Adams (Defendant or Adams) moves for partial judgment on the pleadings or, in the alternative, for partial summary judgment dismissing Plaintiff's claim alleging violation of the Vermont Consumer Fraud Act. (Doc. 70.) Plaintiff C. Minot Dole (Plaintiff or Dole) commenced this diversity action in February 2012. He alleges Adams committed fraud under common law and the Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §§ 2451-2480g (VCFA), causing Plaintiff damages exceeding $4,000,000. See generally Doc. 2 (Am. Compl., hereinafter, "Compl."). Plaintiff opposes the dismissal. (Doc. 72.) For the reasons stated below, Defendant's motion for partial judgment on the pleadings is GRANTED. The alternative motion for partial summary judgment is DENIED as moot.

II.  Background

For the purpose of evaluating Defendant's motion, the following facts are derived from Plaintiff's complaint. In early 2009, Dole sought a "like-kind exchange" of an office building he owned in New York for other commercial property. Compl. ¶¶ 5-6. On March 19-20, he traveled to Texas and California to view properties and meet with agents and employees of DIS Partners to

discuss "the terms of the proposed sale/lease back agreement" for property in Texas.  Id. ¶ 7.  Adams discussed with Dole the terms of the Master Lease Agreement identified in a Private Placement Memorandum Dole had received.  Id.  The complaint identifies general topics of the discussion of the transaction.  Id.  Dole alleges that based on the representations made by Adams and other employees of DIS Partners, he agreed to purchase -- with a combination of half cash and half mortgage funds -- units of residential real estate that DIS would facilitate.  Id. ¶ 8.  Adams and others represented to Dole that the bank financing arranged for the purchase would be "'without recourse.'"  Id. ¶ 7.

In May 2009, Dole sold his New York property.  The net amount garnered from the sale -- $949,545.38 -- was transferred to DIS Partners to purchase the replacement property in Texas.  Compl. ¶ 9.  In June, Dole purchased the replacement property selected for him by DIS Partners, signed the mortgages and promissory notes, and signed the Master Lease Agreement, which had already been signed by DIS.  Id. ¶ 13.  The Agreement obligated DIS Partners to manage the properties and pay the associated bills including the mortgage.  Id. ¶ 14.  After paying closing costs, Dole paid $823,500 in cash and financed $823,500 to purchase sixteen units of residential property.  Id. ¶ 13.  In October, Dole purchased an additional property from DIS Partners for $65,000.  Id.

Under the Master Lease Agreement, DIS Partners was required to pay Dole rental income of $8,227.17 per month for the first five years of the agreement.  Compl. ¶ 14.  In July 2009, Dole accepted a promissory note from DIS Partners obligating it to pay a slightly higher monthly payment.  Dole alleges that DIS Partners failed to make the payments under this promissory note "when due," and the amount due as of July 2010 was $5,695.17.  Id.

In June 2009, Dole had also agreed to loan DIS Partners $100,000 payable in full on June 29, 2010.  Compl. ¶ 15.  Dole alleges DIS Partners did not make monthly interest payments and the loan became in default on July 1, 2009.  Id. ¶ 16.  Dole further alleges DIS Partners, at some point, failed

to pay him the monthly rental payments and the bank the monthly mortgage payments.  Id. ¶¶ 17-18.  In November 2011, the bank foreclosed on the properties and asserted a deficiency claim against Dole for $388,808.  Id. ¶ 18.

Dole asserts a claim based upon fraud and misrepresentation, Compl. ¶¶ 20-22, and a statutory claim under the VCFA, id. ¶¶ 23-25.  He alleges damages over $4,000,000, id. ¶ 22, and seeks a judgment exceeding $1,000,000, id. at 12.  He also seeks treble damages under the VCFA and attorney's fees.  Id. ¶ 25.

III.    Discussion

    A.    Motion for Partial Judgment on the Pleadings

In deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court uses the same standards applicable to motions to dismiss under Rule 12(b)(6).  Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).  Plaintiff will survive the motion if his complaint states a claim to relief plausible on its face.  Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009) (internal citation omitted).  The Court must accept as true all allegations in the complaint and draw all reasonable inferences in the non-moving party's favor, id., but is not bound to accept legal conclusions cast as factual allegations.  LaFaro v. N.Y. Cardiothoracic Group, PLLC, 570 F.3d 471, 475-76 (2d Cir. 2009).  Determining whether a pleading states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The VCFA is violated if a party engages in an unfair or deceptive act or practice in commerce.  Vt. Stat. Ann. tit. 9, § 2453; Foti Fuels, Inc. v. Kurrle Corp., 90 A.3d 885, 891 (Vt. 2013).  A private party may prosecute a VCFA violation but must meet standing requirements:  the private party must be a consumer who was harmed by the unfair or deceptive act or practice.  Vt. Stat. Ann. tit. 9,

§ 2461(b).  Accordingly, "[a]ny consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices" made in commerce in violation of the VCFA may recover damages.  Id.  A consumer is defined, in pertinent part, as anyone "who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of his or her trade or business but for his or her use or benefit."  Id. § 2451a(a).  Though the VCFA does not define "in commerce," the Vermont Supreme Court recently interpreted the term, holding the "in commerce" requirement:

> narrows the CFA's application to prohibit only unfair or deceptive acts or practices that occur in the consumer marketplace.  To be considered "in commerce," the transaction must take place in the context of an ongoing business in which the defendant holds himself out to the public.  Further, the practice must have a potential harmful effect on the consuming public, and thus constitute a breach of a duty owed to consumers in general.  By contrast, transactions resulting not from the conduct of any trade or business but rather from private negotiations between two individual parties who have countervailing rights and liabilities established under common law principles of contract, tort and property law remain beyond the purview of the statute.

Foti Fuels, 90 A.3d at 892-93 (internal quotation marks and citations omitted).  The Foti Fuels Court noted their interpretation of the term reinforces the VCFA's underlying purpose of consumer protection.  Id. at 893.

Defendant argues Plaintiff was not a consumer, DIS and Defendant Adams were not sellers, and the investment was not a home solicitation sale, for goods or services, offered to the public, or lastly, in commerce.  (Doc. 70 at 9-15.)  The Court focuses on the "in commerce" requirement as the Supreme Court instructs it is a "threshold inquiry."  Foti Fuels, 90 A.3d at 892.  Plaintiff Dole opposes the motion, arguing specifically with regard to the "in commerce" requirement that DIS and Adams operated a business that held itself out to the public and they made fraudulent omissions that "clearly could have a harmful effect on the consuming public" which "places them squarely within the 'in commerce' requirement."  (Doc. 72 at 8.)

Dole has not alleged sufficient facts to show the transaction between him and Adams occurred in commerce as required to maintain a claim under the VCFA.  While he makes vague and conclusory assertions in opposition to the motion, tellingly, there is no allegation in the complaint that the transaction occurred "in commerce."  Cf. Compl. ¶ 24 ("Dole was 'a consumer;'" "Adams . . . acted as 'seller, solicitor or other violator'"), ¶ 25 ("the fraudulent misrepresentations made to Dole by Adams . . . constitute 'false or fraudulent representations or practices'").  Though the offer to provide real estate and to lease it back was not offered solely to Dole, neither was it held out to the public at large.  As Dole alleges, it was offered through a limited "Private Placement Memorandum."  Id. ¶ 7.  Further, the transaction was structured through a Master Lease Agreement and later specifically negotiated loans.  See id. ¶¶ 7, 14-15.  Lastly, the high level of customization of this like-kind exchange and leaseback transaction does not typically occur in the consumer marketplace.  This type of transaction and the alleged fraudulent omissions could not have a potential harmful effect on the consuming public and therefore does not constitute a breach of a duty owed to consumers in general.  See Foti Fuels, 90 A.3d at 893-94.  Crediting Dole's allegations and construing them in the light most favorable to him, the Amended Complaint does not state a claim to relief plausible on its face.  Accordingly,  Adams' motion for partial judgment on the pleadings is granted, and Dole's claim for relief under the Vermont Consumer Fraud Act is dismissed.  Because the transaction fails to meet the in commerce requirement, the Court need not consider whether the VCFA's other requirements are met by Dole's allegations.

Dole is free to pursue his claims through common law remedies and is in fact seeking damages for the same alleged misrepresentations in a "claim based upon fraud and misrepresentation."  Compare Compl. ¶¶ 20-22 with ¶¶ 23-25.  This is not a case where common law remedies are "inadequate for addressing wrongs committed against individual consumers because the

cost[] of litigation . . . outweigh[s] the rewards," <u>Foti Fuels</u>, 90 A.3d at 893, or one where the parties lack countervailing rights and liabilities established under common law principles.  <u>Id.</u>

  B. <u>Alternative Motion for Partial Summary Judgment</u>

Because the Court grants Adams' motion for partial judgment on the pleadings, dismissing Dole's VCFA claim, it need not consider Adams' alternative motion for partial summary judgment or the parties' underlying factual submissions.  Accordingly, the alternative motion is denied as moot.

IV. <u>Conclusion</u>

Defendant William Adams' motion for partial judgment on the pleadings (Doc. 70) is GRANTED.  Dole's claim under the Vermont Consumer Fraud Act is dismissed for failure to state a claim.  Defendant's alternative motion for partial summary judgment is DENIED as moot.  This case is specially assigned for a bench trial on Monday, September 14, 2015, at 9:30 a.m. in Brattleboro, Vermont.

  SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of May, 2015.

          /s/ J. Garvan Murtha
          Honorable J. Garvan Murtha
          United States District Judge