UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| C. MINOT DOLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:12-cv-24-jgm |
| | : | |
| WILLIAM ADAMS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

RULING ON MOTIONS FOR
RECONSIDERATION AND TO AMEND THE COMPLAINT
(Docs. 82, 83)

I.      Introduction

Plaintiff C. Minot Dole moves the Court to reconsider its ruling granting Defendant William

Adams' motion for partial judgment on the pleadings.  (Doc. 82.)  The ruling was entered May 11,

2015.  (Doc. 79.)  Dole also moves to further amend the complaint.  (Doc. 83.)  Defendant Adams

opposes the motions and Dole has filed replies.  (Docs. 84-85, 87-88.)  For the following reasons,

the motions for reconsideration and to amend the complaint are denied.[1]

II.      Motion for Reconsideration

The standard for granting a motion to reconsider is strict, and reconsideration is generally

denied unless the moving party points to controlling decisions or data that the court overlooked:

"matters, in other words, that might reasonably be expected to alter the conclusion reached by the

court."  Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  If the moving party is

---

[1] For more detailed background of the case, see the Court's Ruling granting in part and
denying in part Defendant's motion for partial judgment on the pleadings.  (Doc. 79.)

seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision.  Id.

In moving for reconsideration, Dole contends the facts asserted in the Amended Complaint and supplied in opposition to Adams' motion "supported a legal conclusion that the transactions between Dole and DIS took place in commerce."  (Doc. 82 at 1-2.)  In ruling on the motion for partial judgment on the pleadings, the Court considered these facts and determined they did not support the legal conclusion that the transaction occurred in commerce under Vermont law, specifically the Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §§ 2451-2480g (VCFA). See Doc. 79 at 5. [The Court did not, as Dole asserts, grant the motion "because [he] failed to state a legal conclusion that the transaction occurred in commerce, " (Doc. 82 at 5-6).  See id. ("Dole has not alleged sufficient facts to show the transaction between him and Adams occurred in commerce as required to maintain a claim under the VCFA").]  Dole seeks to relitigate the Court's ruling regarding whether the transaction at issue occurred in commerce as required to maintain a claim under the VCFA.

Because the Court has considered and rejected Dole's argument and Dole does not point to controlling decisions the Court overlooked, the motion for reconsideration is DENIED.  The Court reaffirms its prior decision.

III.    Motion to Amend the Complaint

Dole also moves for leave to further amend his complaint to include a specific allegation and to add facts "to show that the transaction between Plaintiff and Defendant occurred 'in commerce.'" (Doc. 83 at 1.)  .  Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading with the court's leave and states the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

This case commenced on February 3, 2012.  (Doc. 1.)  The Amended Complaint was filed on February 13, 2012.  (Doc. 2.)  In an effort to avoid the Court's dismissal of his VCFA claim, Dole -- now more than three years after the case began -- moves to amend his complaint for a second time.  (Doc. 83.)  The motion was filed over four months after discovery was to have closed and well beyond the December 1, 2014 deadline for motions for amendments to the pleadings. See Doc. 58 (Second Amended Stipulated Discovery Schedule/Order).  The Court has allowed an amended complaint (Doc. 2) and decided a motion for partial judgment on the pleadings (Doc. 79). The case is past its ready for trial date of March 15, 2015.  (Doc. 58.)  In these circumstances, with the case scheduled for a bench trial in two months, the Court declines to allow a second amended complaint.

IV.    Conclusion

Dole's motion for reconsideration (Doc. 82) is DENIED.  Dole's motion to amend the complaint (Doc. 83) is DENIED.  A bench trial in this case is scheduled for September 22-25, 2015. (Doc. 89.)  The parties' proposed findings of fact, conclusions of law and joint trial memorandum shall be filed on or before August 28, 2015.  (Doc. 81.)

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of July, 2015.

/s/ J. Garvan Murtha_____
Honorable J. Garvan Murtha
United States District Judge